IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC ROBERT FRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-510-CFC-EGT |
| | ) |
| GREGORY RASH et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Eric Robert Fry, an inmate at Howard R. Young Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the reasons set forth below, the Court recommends that the claim against Corporal Rash be DISMISSED WITHOUT PREJUDICE as it relates to the search warrant affidavit. The Court further recommends the remainder of the claims as to Corporal Rash, as well as all claims against Defendants Deputy Attorney General Rank, Deputy Attorney General Betts and Mr. Edinger, be DISMISSED WITH PREJUDICE.

**I.    BACKGROUND**

According to the Complaint, on March 27, 2023, Plaintiff was indicted under one indictment number for two separate cases proceeding against him. (D.I. 3 at 5). Plaintiff further alleges that the State of Delaware is proceeding with both cases separately under their respective case numbers instead of consolidating the cases into one under the single indictment. (*Id.*). Plaintiff claims that the Delaware Attorney General's Office is doing this knowingly. (*Id.*). Plaintiff also alleges that Corporal Gregory Rash knowingly lied on a search warrant application and also under oath during a hearing on April 15, 2024. (*Id.* at 5-6).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.   DISCUSSION

#### A.   Trying Counts Separately When Indicted Together

In Plaintiff's view, trying cases separately when the underlying criminal charges were presented in the same indictment is apparently grounds for relief in federal court. But Delaware Superior Court Criminal Rule 8(a) states that:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

3

And Delaware Superior Court Criminal Rule 14 provides that:

> If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Based on these Rules, it appears that it is permissible for the government to try two separate cases against a defendant for offenses charged in the same indictment. Moreover, Superior Court Criminal Rule 14 provides that it is the court who decides whether to allow offenses listed in the same indictment to be tried separately. Because the relevant state rules make clear that separate trials are permissible for multiple charges brought in a single indictment, and because Plaintiff alleges no other facts against Deputy Attorney General Isaac Rank, Deputy Attorney General James Betts and Mr. John Edinger, there are no cognizable claims against these Defendants. The Court recommends that the claims against these Defendants be dismissed as frivolous pursuant to §§ 1915(e)(2)(B)(i) and 1915A(b)(1). And because amendment would be futile as to this claim, it is further recommended that this dismissal be with prejudice.

**B.     Testifying Police Officer**

Plaintiff also claims that Corporal Gregory Rash lied twice under oath during a court proceeding. (D.I. 3 at 5-6). "[P]olice officers who testify in criminal trials are protected by absolute witness immunity from suits under § 1983." *Simonton v. Ryland-Tanner*, 836 F. App'x 81, 84 (3d Cir. 2020); *see also Briscoe v. LaHue*, 460 U.S. 325, 343 (1983) ("Subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties."). The absolute witness immunity extends to "the pretrial stage of the judicial process." *Williams v. Hepting*, 844 F.2d 138, 141 (3d Cir. 1988). Alleging

false testimony, or alleging a conspiracy to submit false testimony, does not abrogate the absolute immunity witnesses enjoy. *See McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992).

Although Plaintiff claims that Corporal Gregory Rash lied twice while providing testimony on the stand, witnesses in criminal trials and pre-trial judicial proceedings have absolute witness immunity from suits under § 1983. *See McArdle*, 961 F.2d at 1085. The Court thus recommends that this claim be dismissed as frivolous pursuant to §§ 1915(e)(2)(B)(i) & (iii) and 1915A(b)(1) & (2). Because amendment would be futile as to this claim, this dismissal should be with prejudice.

### C. Search Warrant Affidavit

Plaintiff further claims that Corporal Rash lied on his search warrant affidavit. A police officer may be liable under § 1983 for submitting a false search warrant affidavit. *See Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997). Without more, however, the naked assertion in the Complaint is insufficient to plead a cognizable and nonfrivolous claim. The Court recommends that the claim against Corporal Rash as it relates to submitting a false search warrant affidavit be dismissed as failing to state a claim upon which relief may be granted pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), but with leave to amend.

### IV. CONCLUSION

For the foregoing reasons, the Court recommends that (1) the Complaint (D.I. 3) be DISMISSED WITHOUT PREJUDICE as to the claim against Corporal Rash for submitting a false search warrant affidavit and (2) all other claims and Defendants be DISMISSED WITH PREJUDICE. The Court further recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file an amended pleading.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within

fourteen (14) days after being served with a copy of this Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: March 17, 2025

_____
UNITED STATES MAGISTRATE JUDGE